# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SIGVARD MARTIN DIETRICH,

      Plaintiff,

v.

KENNAMETAL, INC., a Pennsylvania
corporation; CAL SDI, INC., a California
corporation; DISSTON COMPANY a/k/a
SOUTH DEERFIELD INDUSTRIAL, INC.,
a Massachusetts corporation; and HOME DEPOT
U.S.A., INC., a Delaware corporation,

      Defendants.
_____/

CASE NO. 07-10857
HON. LAWRENCE P. ZATKOFF

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 6, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Cal SDI, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. Defendant filed its motion on June 15, 2007, and Plaintiff has not responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## II.  BACKGROUND

This is personal injury action and the Court's jurisdiction is based on diversity of citizenship.

Plaintiff is a resident of Michigan and claims that he was injured in 2004 while using a drill bit he purchased from Defendant Home Depot. Plaintiff further alleges that the drill bit was distributed and/or sold by Kennametal, Inc., a Pennsylvania corporation, Disston Company a Massachusetts corporation formerly known as South Deerfield Industrial, and/or Cal SDI, Inc.

Defendant Cal SDI, Inc. (Cal), is a California corporation with its principal place of business in California. On the date of Plaintiff's injury, Cal did not exist as it was not incorporated until June 23, 2006. However, on June 29, 2006, Cal entered into a stock purchase agreement with Kennametal, Inc., for the purchase of all the outstanding stock of South Deerfield Industries, which Plaintiff alleges conducted business in the state of Michigan.

Cal has filed a Motion to Dismiss based on a lack of personal jurisdiction. Cal asserts that there is no personal jurisdiction because Michigan's Long-Arm statute does not provide a basis for jurisdiction and Cal has insufficient contacts with Michigan to satisfy due process.

### III. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(2) asserts a "lack of jurisdiction over the person." The party seeking assertion of personal jurisdiction bears the burden of establishing that jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

### IV. ANALYSIS

The Sixth Circuit explained how such a motion is to be analyzed in *International Technologies Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citations

2

omitted):

> The burden of establishing jurisdiction over the persons of the defendants rests with the plaintiff. In a case such as the one before us, both state and federal law are relevant to the question whether the plaintiff has carried its burden. A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law--and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution.

Accordingly, the Court must first determine whether there is personal jurisdiction based on Michigan law. If there is not, the inquiry ends. If the answer is affirmative, the Court must then determine whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice required by the due process clause of the Federal Constitution." *International Shoe v. Washington*, 326 U.S. 310 (1945). In the present case, the Court's inquiry begins and ends with Michigan law.

Michigan's Long-Arm Statute provides the basis for asserting both general and limited personal jurisdiction. In order to assert general jurisdiction over a corporate defendant, any of the following relationships between the state and the corporation must exist:

(1) Incorporation under [Michigan law]; [or]

(2) Consent to the extent authorized by the consent and subject to the limitations provided in section 7451; [or]

(3) The carrying on of a continuous and systematic part of its general business within the state.

MICH. COMP. LAWS § 600.711.

The Court finds it clear in this case that there is no general personal jurisdiction over Cal. Cal is a California corporation and has not consented to personal jurisdiction in Michigan. Furthermore, there is nothing to suggest that Cal has conducted any business in Michigan let alone

continuous and systematic business. Therefore, the Court must determine whether there is a basis for limited personal jurisdiction.

The types of relationships giving rise to limited personal jurisdiction are:

(1) The transaction of any business within the state.

(2) The doing or causing of any act to be done, or consequence to occur in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

MICH. COMP. LAWS § 600.715. The Court finds that none of the requisite relationships for limited personal jurisdiction exist in this case.

First, Cal was not incorporated at the time of Plaintiff's injury. Thus, it could not have possibly performed or caused the act giving rise to Plaintiff's action in tort. Second, Cal does not own, use, or possess any real or tangible personal property in Michigan. Third, there is no allegation that Cal has entered into any insurance contracts. Fourth, there is no allegation that Cal has entered into any contracts for services or for materials to be furnished in Michigan. Finally, Plaintiff has not shown that Cal has conducted any business whatsoever in Michigan. Although Cal allegedly purchased all of the outstanding stock of a corporation that allegedly did business in Michigan, this fact would not form the basis for limited personal jurisdiction based on a tort unrelated to that transaction. Consequently, Michigan law does not establish personal jurisdiction over Cal in this case.

Furthermore, even if Michigan's Long-Arm statute did provide a basis for asserting personal jurisdiction over Cal, the Court finds that application of the Long-Arm statute in this case would not comply with due process. Due process requires that a defendant maintain sufficient minimum contacts with a state such that asserting personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice" required by the due process clause of the Federal Constitution. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has examined the following criteria to determine if personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privileges of acting in the forum state or causing consequences in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993). Based on the foregoing criteria, the Court finds that personal jurisdiction would not be appropriate in this case.

First, there is no indication that by simply purchasing the stock of another company Cal, a separate and distinct entity, purposely availed itself of Michigan law. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1986) (stating that the purposeful availment requirement serves to "ensure that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts"); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (stating the purposeful availment requirement "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit"); *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 153-54 (1978) (defining purposeful availment as "akin to either a deliberate undertaking to do or cause an act or thing to be done in Michigan, or conduct that can properly be regarded as a prime generating cause

of the effects resulting in Michigan ..."). Second, Plaintiff's cause of action cannot arise from Cal's stock purchase because Cal did not exist at the time of Plaintiff's injury. Moreover, Cal did not expressly assume any prior liabilities of the corporation whose stock it purchased.

Finally, Cal's stock purchase does not have a substantial enough connection with Michigan such that asserting personal jurisdiction over Cal in this case is reasonable. Cal, which simply purchased stock in another corporation, could not have foreseen being personally sued in Michigan based on alleged acts of that corporation that occurred two years before Cal even existed. Thus, the Court cannot say that asserting jurisdiction over Cal in a personal injury suit based on the stock purchase comports with traditional notions of fair play and substantial justice.

## V. CONCLUSION

Based on the foregoing reasons, IT IS ORDERED that Defendant CAL SDI, Inc.'s Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against CAL SDI, Inc. are HEREBY DISMISSED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 6, 2007.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290